(26 Misc. Rep. 662.)

CHRISTIANSEN v. MENDHAM et al.

(City Court of New York, General Term. March 6, 1899.)

REPLEVIN—JUDGMENT—VALIDITY—ACTION ON BOND.
    A judgment in replevin, awarding to defendant possession or damages, not reversed nor vacated, cannot be questioned in an action on the bond.

Appeal from special term.

Action by Simon Christiansen against Louis B. Mendham and others on an undertaking in replevin. From a judgment for plaintiff, defendants appeal. Affirmed.

Argued before CONLAN and SCHUCHMAN, JJ.

Franklin Bien, for appellants.
Harris & Goldfarb, for respondent.

PER CURIAM. The case was tried by the court without a jury upon the following agreed state of facts:

"That in this action the defendant Harris Mendham was never served with the summons and complaint, either personally or otherwise. Second. It is stipulated and agreed as follows: That the action in which this undertaking was given, being the action of McCobb against Christiansen, was an action in replevin in which the plaintiff replevied certain property, which always remained, and still remains, in the plaintiff in the original action in which

the undertaking was given; that in that action the defendant failed to comply with section 1725 of Code, in that the defendant in that action, who is the plaintiff in this action, failed to serve within the time allowed him for the notice of trial upon the plaintiff's attorney a notice that the defendant demands judgment for the return of the chattel, or its value, in that action, either with or without damages for the detention thereof; and that in that action the defendant, who is the plaintiff in this action, failed to furnish the court upon the trial of the action a copy of such notice, together with the proof of service thereof. And we put in evidence the judgment roll in that action, in which this undertaking was given, and both sides rest."

The appellants contend that the court in the action of McCobb against Christiansen had no jurisdiction to award the possession of the chattels to the defendant, or damages for his special property therein, because the defendant therein had not served the notice required by section 1725 of the Code. The court in that action had acquired jurisdiction over the parties and the subject-matter of the action. The judgment, therefore, is valid until reversed or vacated, and the surety will not be heard to attack it in an action to enforce the provisions of the undertaking while it remains valid as against his principal.

Judgment affirmed, with costs.